STATE *vs.* JOHN R. MILLS, JACOB C. WILSON, JOHN BENNETT and WILBUR E. MILLS.

*Criminal Law—Assault and Battery—Words, Threats, etc.; No Justification—Principal—Accomplice—Reasonable Doubt.*

1.   An assault is an attempt or offer, coupled with a present ability, to do hurt to the person of another.   A battery includes an assault and is the actual striking or in any manner touching another in an insolent, angry, rough, or violent manner.

2.   Neither words, however opprobrious, disgraceful, annoying or vexatious, nor mere threats, unaccompanied by such acts of violence as the law regards as an excuse for an assault and battery, even though they are both uttered and made at the time of or immediately before the assault, will justify the commission of an assault and battery.

3.   Where an offense has been committed by one person, and it is shown that others were present at the time abetting, procuring, commanding or counselling him, such other persons are regarded in law as accomplices and equally guilty as the principal offender.

(*May 1, 1902.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Herbert H. Ward,* Attorney-General, and *Robert H. Richards,* Deputy Attorney-General, for the State.

*Henry Ridgely, Jr.,* and *Richard R. Kenney* for the defendants.

Court of General Sessions, Kent County, April Term, 1902.

ASSAULT AND BATTERY.

BOYCE, J., charging the jury :

Gentlemen of the jury :—The prisoners at the bar are charged in the indictment with an assault and battery upon Bethuel W. Hall, the prosecuting witness.   It is alleged that the offense so charged was committed in the office of Fisher Pierce, in the town of Milford, Milford Hundred, this county, on the eleventh day of January last past.   You have heard the evidence in this case and you are the exclusive judges of its weight and value.   It is your duty to carefully consider the testimony which has been produced before you on the witness stand in connection with the law as the Court is now about to declare it to you, and to render your verdict in accordance therewith.

An assault is defined to be an attempt or offer, coupled with a present ability to do hurt to the person of another.   A battery includes an assault and is the actual striking, or in any manner touching another in an insolent, angry, rude, rough, or violent manner.

It is not claimed on the part of the State, nor has any proof

been offered to the effect, that any of the defendants actually struck the prosecuting witness except John R. Mills, who, it is alleged, actually perpetrated the act complained of. If you find from the evidence that an assault and battery was committed upon the prosecuting witness, and that John R. Mills was the offender, then your verdict as to him should be guilty, unless you find from the evidence that he had at the time such an excuse therefor as the law recognizes as sufficient to relieve him from guilt. If, however, the only defense or excuse set up rests upon mere words or naked threats, then such a defense under the law of this State, as administered by our courts, is unavailing ; for neither words, however opprobrious, disgraceful, annoying or vexatious, nor mere threats, unaccompanied by such acts of violence as the law regards as an excuse for an assault and battery, even though they be both uttered and made at the time of or immediately before the assault, will justify the commission of an assault and battery.

And no words or acts of Bethuel W. Hall spoken or done on the day before the assault upon him, if you find from the evidence that he was in fact assaulted, could in the eye of the law excuse or justify an assault upon him. If, therefore, you find that John R. Mills perpetrated the act charged and that his only excuse or defense rests upon mere words or threats, you should find him guilty. *Section 1, Chapter 133, Revised Code (1893)*, provides that " Every person who shall abet, procure, command or counsel any other person or persons to commit any crime or misdemeanor shall be deemed an accomplice and equally criminal as the principal offender." * * * Hence, if you find that John R. Mills committed the offense charged, and that the other defendants, namely, Jacob C. Wilson, John Bennett and Wilbur E. Mills were present at the time abetting, procuring, commanding or counselling him, the said John R. Mills, to commit the same, then they were each an accomplice and equally guilty as the principal offender. But in order to convict these three defendants, it not having been shown that they actually committed the assault and battery, you should be

satisfied beyond a reasonable doubt that they were present aiding and assisting him, the said John R. Mills, in the commission of the offense charged. And what is meant by reasonable doubt, gentlemen, is such a doubt as honest, conscientious men, acting under the solemn obligations of their oaths, in full view of all the testimony, find themselves constrained to entertain. If upon a careful, deliberate consideration of all the evidence you entertain such a doubt as to the guilt of these defendants, it should enure to their acquittal; otherwise you should find them guilty.

Should you find John R. Mills guilty and entertain a reasonable doubt as to the guilt of any one or more of the other defendants, such doubt should enure to the acquittal of such defendant or defendants. Otherwise your verdict should be guilty as to all of them.

Having now received our instructions, you should consider this case calmly and conscientiously and render such a verdict as the evidence under these instructions seems to you to warrant.

Verdict: Guilty, with a recommendation to the mercy of the Court.